# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Michael Parajecki on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>National Credit Adjusters, LLC<br><br>Defendant. | Case No.: 18-cv-1167<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is a consumer class action brought on behalf of Wisconsin consumers subjected to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). This law prohibits debt collectors from engaging in misleading and unfair collection practices.

## JURISDICTION

2. Jurisdiction of this Court arises out of events emanating from this District and this Court has jurisdiction pursuant to 15 U.S.C. § 1692 *et seq*. and 28 U.S.C § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this district.

## PARTIES

4. Plaintiff Michael Parajecki (hereinafter "Mr. Parajecki") is a natural person who resides in the County of Waukesha, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant National Credit Adjusters, LLC (hereinafter "Defendant NCA") is a business with offices located at 327 W. 4th Street, Hutchinson, Kansas, 67504, and a registered agent of Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

6. Defendant NCA is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

7. In 2015, Mr. Parajecki incurred a consumer debt as that term is defined at 15 U.S.C. § 1692a(5) to "Cash Central."

8. This debt was for a personal extension of consumer credit.

9. Later, Cash Central sold the debt to a third party called "Reviver Financial, LLC."

10. Reviver Financial, LLC then retained Defendant NCA to collect the debt from Plaintiff.

11. Defendant NCA then sent Plaintiff several collection letters that contained the following paragraph"

> This letter is to confirm that you and National Credit Adjusters were not able to agree to a payment arrangement on the account referenced above during our most recent communication. If for any reason there is a misunderstanding, and it is your wish to resolve the delinquency through means satisfactory to both parties, please contact National Credit Adjusters at 1-877-824-9372 and an NCA account manager will assist you.

12. A true and correct copy of the letter is attached as Exhibit A.

13. Defendant NCA and Plaintiff had never had a "communication" related to a "payment arrangement" for the debt.

14. The language used in the collection letter appears to be a template collection letter used by Defendant NCA in their collection attempts from consumers. The letter was generated by computer, and with the information specific to Plaintiff inserted by computer.

15. Defendant NCA sent the letter with actual (or constructive) knowledge that no such communications or conversations related to payment arrangements had occurred.

16. Defendant NCA sent the letters to Plaintiff in an attempt to collect funds from Plaintiff, and were designed to induce Plaintiff to make a payment or to call Defendant NCA.

17. The template collection letters used by Defendant were objectively confusing, false, and misleading to an unsophisticated consumer.

18. Defendant NCA's letter to Plaintiff illegally attempts to collect a debt from Plaintiff in violation of 15 USC §§ 1692d, 1692e, 1692e(2), 1692e(10), and 1692f.

19. The letter caused Plaintiff anxiety, concern, fear and worry that someone other than himself was communicating about his alleged debt with Defendant and/or that he was the victim of identity theft and Defendant may be providing confidential personal and private identifying information about him to others.

## **CLASS ALLEGATIONS**

20. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following class:

    *CONSISTING OF (A) ALL NATURAL PERSONS IN THE STATE OF WISCONSIN (B) WHO WERE SENT A COLLECTION LETTER IN THE FORM REPRESENTED BY EXHIBIT A, (C) SEEKING TO COLLECT A DEBT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES, (D) WITHIN ONE (1) YEAR PRIOR TO THE FILING OF THIS COMPLAINT (E) THAT WAS NOT RETURNED BY THE POSTAL SERVICE.*

    Upon information and belief, the class is so numerous that joinder of all members is impracticable. The precise number of Class members is known only to Defendant, but is believed to be above 100.

21. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), and 1692f.

22. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

23. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful collection practices. Neither Plaintiff nor her counsel has any interests which might cause her not to vigorously pursue this claim.

24. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

25. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is slight because the maximum statutory damages are limited to $1,000.00 under the FDCPA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

The identities of the Class members may be obtained from Defendant's records.

26. This Class Action seeks statutory damages for the class based on the common injuries sustained by Plaintiff and the putative class.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

28. Exhibit A seeks to collect from Plaintiff by falsely implying or stating that a prior settlement or payment discussion had occurred.

29. 15 U.S.C. § 1692d prohibits, in relevant part, the use of: "unfair or unconscionable means to collect or attempt to collect any debt."

30. 15 U.S.C. § 1692e prohibits, in relevant part: "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. 15 U.S.C. § 1692e(2) prohibits, in relevant part: "The false representation of – (A) the character, amount, or legal status of any debt."

32. 15 U.S.C. § 1692e(10) prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

33. 15 U.S.C. § 1692f prohibits, in relevant part: "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

34. By sending a letter stating that a prior (failed) discussion to settle or establish payment arrangements had occurred, Defendant NCA violated 15 U.S.C. §§ 1692d, 1692e,

1692e(2), 1692e(10), and 1692f and caused Plaintiff actual damages in the form of emotional distress and mental anguish.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7; Fed. R. Civ. Pro. 38.

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- That judgment be entered against Defendant for actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);
- That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;
- That the Court grant declaratory and injunctive relief, in the form of finding Defendant's conduction to violate the law and prohibiting them from continuing their collection practices; and
- That the Court grants such other and further relief as may be just and proper.

Dated this 30th day of July, 2018

Respectfully submitted,

By: s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey, (WI #1063937)
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
Telephone: (414) 377-0515
Facsimile: (414) 755-0860
Nathan@dela-law.com

Thomas J. Lyons, Jr., Esq. (MN #249646)
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

*ATTORNEYS FOR PLAINTIFF*