UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL PARAJECKI,

        Plaintiff,

v.                                                                                                             Case No. 18-cv-1167-pp

NATIONAL CREDIT ADJUSTERS LLC,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S EXPEDITED, NON-DISPOSITIVE RULE 7(h) MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND AFFIRMATIVE DEFENSES (DKT. NO. 18) AND EXTENDING SCHEDULING DEADLINES**

---

On February 26, 2019, defendant National Credit Adjusters, LLC filed a expedited, non-dispositive motion under Civil Local Rule 7(h) for leave to file an amended answer and affirmative defenses. Dkt. No. 18. The plaintiff opposed the motion, arguing that the defendant's request demonstrated undue delay and bad faith, and would cause the plaintiff undue prejudice. Dkt. No. 19. The court will grant the motion to amend.

**I.    BACKGROUND**

On July 30, 2018, the plaintiff filed a class action complaint alleging violations of the Fair Debt Collection Practices Act. Dkt. No. 1. The defendants answered, dkt. no. 5, and on October 29, 2018, the parties submitted a joint discovery plan under Federal Rule of Civil Procedure 26(f), dkt. no. 10. Two weeks later, the court approved the plan and issued a scheduling order setting discovery deadlines. Dkt. No. 11. The scheduling order included a January 18, 2019 deadline for parties to amend pleadnigs without leave of the court. Id. The

1

plaintiff timely filed an amended complaint on December 26, 2018. Dkt. No. 14. The defendant answered on January 2, 2019. Dkt. No. 15. The class certification motion is due by March 15, 2019 and discovery closes on August 2, 2019. Id.

On February 26, 2019, the defendant filed an expedited, non-dispositive motion under Civil Local Rule 7(h). Dkt. No. 18. The motion asks leave to file an amended answer with additional affirmative defenses. Id. Specifically, the defendant indicates that "defense counsel became aware of an arbitration agreement Plaintiff entered into with the original creditor of his account" and wishes to add this affirmative defense. Id. at 2.

The plaintiff opposes the motion. Dkt. No. 19. First, the plaintiff argues undue delay, stating that the parties had discussed the defendant's affirmative defenses at a meet-and-confer, but that the issue of the arbitration clause had not come up. Id. at 2. The plaintiff states that if the court allows the defendant to amend the answer, "the Court will need to simultaneously extend all case deadlines by 60 days to allow Plaintiff additional time," and that this will unduly delay the case. Id. at 3. Second, the plaintiff argues that the defendant has requested the amendment in bad faith. Id. He argues that the defendant has not explained how it "recently discovered" an alleged arbitration clause. Id. Finally, the plaintiff argues that he will be unduly prejudiced if the court grants leave to amended because he is ready to file his class certification motion. Id.

## II.   ANALYSIS

Fed. R. Civ. P. 15 governs amendments of pleadings. Once a party has used its one-time, "matter-of-course" amendment, further attempts to amend are governed by Rule 15(a)(2), which provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the

2

court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The standard is a liberal one. Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 520 (7th Cir. 2015). A court may deny leave to amend in cases of undue delay, bad faith, and/or undue prejudice to the opposing party. Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir. 2005).

The plaintiff's proffered opposition to the defendant's proposed amendment does not overcome the liberal standard for amending pleadings. The defendant seeks to amend its answer only a month and a half after the parties' agreed deadline for amending pleadings without leave of court. True, the case would have moved more quickly had the defendant added this affirmative defense before the parties' meet-and-confer on discovery issues. But the court takes the defense at its word that it only recently discovered the existence of an arbitration clause with a previous creditor. The court cannot consider a forty-five-day delay "undue" or in bad faith. The "prejudice" the plaintiff alleges is that he will have to wait to file his already-prepared class certification motion, and that all other deadlines will be extended. Given that the plaintiff says he has his certification motion prepared, the court does not see how waiting forty-five to sixty days to file it constitutes "prejudice" in a civil case in district court.

The court finds no undue delay, bad faith or prejudice, and will grant the defendant's motion.

### III. CONCLUSION

The court **GRANTS** the defendant's Rule 7(h) motion for leave to file its amended answer. Dkt. No. 18.

The court **ORDERS** the clerk's office to file the document at 18-1 as a separate docket entry.

The court **EXTENDS** the deadlines of the November 16, 2018 scheduling order as follows:

The plaintiff shall file his motion for class certification by the end of the day on **May 15, 2019**.

The proponents shall disclose the identities of any expert witnesses, along with their reports and supporting documentation, no later than the end of the day on **June 5, 2019**.

Parties shall disclose the identities of any rebuttal experts, along with their reports and supporting information, no later than the end of the day on **July 3, 2019**.

The parties shall complete discovery no later than the end of the day on **October 2, 2019**.

A party wishing to file a dispositive motion must do so by the end of the day on **November 2, 2019**.

Dated in Milwaukee, Wisconsin this 14th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**